CRAIN BROTHERS, Inc., Owner of Steel Hopper Barges THE C.B. 325 and THE C.B. 330, Libellant,

v.

The WIEMAN & WARD COMPANY, Respondent (UNION BARGE LINE CORPORATION, Third Party Respondent).

The WIEMAN & WARD COMPANY, Libellant,

v.

UNION BARGE LINE CORPORATION, Respondent (CRAIN BROTHERS, Inc., Third Party Respondent).

Nos. 192, 235.

United States District Court
W. D. Pennsylvania.

Dec. 16, 1954.

Harland I. Casteel (of Campbell, Houck & Thomas), Pittsburgh, Pa., for Crain Bros.

J. Wray Connolly (of Moorhead & Knox), Pittsburgh, Pa., for Wieman Ward & Co., respondent.

John R. Bredin (of Dalzell, Pringle, Bredin & Martin), Pittsburgh, Pa., for Union Barge Line Corp.

Ira R. Hill (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for Wieman Ward & Co., libellant.

GOURLEY, Chief Judge.

In this admiralty proceeding the same parties are involved in two separate actions which arise out of the same series of events.

Crain Brothers, Inc., was the owner of barges used to transport coal and industrial materials on inland waterways. Union Barge Line Corporation was the managing owner of tow boats engaged in transporting barges of the type owned by Crain Brothers, Inc.

The Wieman & Ward Company was a wholesale vendor or dealer in coal. In connection therewith, said Company found it necessary to have coal transported on the inland waterways.

For purposes of brevity, the parties will be designated as follows:

Crain Brothers, Inc.—Crain
Union Barge Line Corporation—Union
The Wieman & Ward Company—Wieman
Barges involved—C.B. 325, C.B. 330

It is not in dispute that Wieman made arrangements to have coal transported from Huntington, West Virginia, to Pittsburgh, Pennsylvania, in two separate tows and that the barges in each of said tows had sunk prior to arriving at their destination. However, the details of the business relationship between the parties to the action are in dispute.

The actions are for the value of coal and damages to the barges.

Admiralty Action 235—Wieman against Union for value of coal based on negligence. Union joins Crain as a third party respondent based on unseaworthiness of barges.

Admiralty Action 192—Crain against Wieman for value of barges based on breach of charter agreement and failure to return barges in condition of delivery. Wieman joins Union as third party respondent on basis that Union had chartered barges from Crain, and Union was, therefore, liable for damages to barges.

In each of the actions Union had accepted Barges C.B. 325 and C.B. 330 from Crain. The barges were loaded at Huntington, West Virginia, with coal of Wieman for transportation to Pittsburgh, and were not overloaded.

Barge C.B. 330 sank on August 17, 1950 and Barge C.B. 325 sank on August 18, 1950, at which time the cargoes were lost and the barges damaged.

Wieman's cause of action for the value of the coal is premised on the legal thesis that it entered into agreement with Union to transport the coal, encompassing as it did, the tugs and barges, and that the coal was lost due to the negligence of Union by reason of improper navigation.

Union, in turn, claims relief from liability on the theory that Crain delivered to Union unseaworthy barges for the carriage of the cargo herein involved.

Each of the parties claims a charter arrangement incident to the use of the barges; Wieman claiming a charter between Crain and Union, and Crain claiming a charter between Crain and Wieman.

Upon a most thorough review of the testimony and the exhibits, and the inferences to be drawn therefrom, it is my judgment that no charter arrangement was established between Wieman and Crain, but a charter arrangement did exist between Crain and Union.

■ A charter party cannot be created by assumptions or implications. Jones & Laughlin Steel Corp. v. Vang, 3 Cir., 73 F.2d 88, 91.

I conclude that Union, for valuable consideration, agreed to transport coal for Wieman. That to consummate the agreement, Union secured from Crain, for valuable consideration, Barges C.B. 325 and C.B. 330 under a charter arrangement.

■ Union exercised sole control, custody and possession of said barges, and that their sinking with resulting damage to Wieman was caused by the negligence of Union. That Barges C.B. 325 and C.B. 330 were unseaworthy when delivered by Crain to Union.

That the loss of the cargo of coal was due to the combined factors of the negligence of Union in its operation of each tow and the failure of Crain to supply Union with seaworthy barges.

In connection with Admiralty Action No. 235, Wieman is entitled to recover the value of the coal from Union, and Union, in turn, is entitled to recover from Crain, by way of contribution, since both parties were at fault for the incidents which occurred.

In connection with Admiralty Action No. 192, since I have found that no charter agreement was in effect between Crain and Wieman, Crain has no basis of recovery from Wieman for damage caused Barges C.B. 325 and C.B. 330. That Wieman, being free of liability, can make no recovery from Union. That Crain, having furnished unseaworthy barges to Union, can make no recovery from Union.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Wieman is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining its principal place of business in the Oliver Building, Pittsburgh, Pennsylvania.

2. Union is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining its principal place of business in the Dravo Building, Pittsburgh, Pennsylvania.

3. Crain is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, maintaining its principal place of business at the foot of Franklin Street, Pittsburgh, Pennsylvania.

4. At all times relevant to this action, Crain was the owner of certain barges, including Barges C.B. 325 and C.B. 330.

5. At all times relevant to this action, Union was the managing owner of the tow boats M/V Lehigh and M/V C. W. Talbot.

6. On or about August 17, 1950, C.B. 330 in the tow of Union, Towboat M/V Lehigh sank in the Ohio River immediately below Lock No. 7.

7. On August 18, 1950, C.B. 325 in the tow of Union, Towboat M/V C. W. Talbot sank in the Ohio River immediately below Lock No. 27.

8. In 1950 Wieman was in the business of a wholesale vendor of or dealer in coal.

9. In 1950 Wieman was purchasing coal in Huntington, West Virginia, and having it shipped by river transportation on the Ohio River to the Pittsburgh area.

10. Union, after getting the location and number of the barges, picked up Crain Barges C.B. 330 and C.B. 325 and delivered them to Huntington, West Virginia, where they were loaded with coal of Wieman.

11. Barges C.B. 325 and C.B. 330 were leaky, old and unseaworthy at the inception of the voyage.

12. Wieman did not charter Barges C.B. 325 or C.B. 330 from Crain.

13. Union did charter Barges C.B. 325 and C.B. 330 from Crain.

14. Said barges had been built in 1929 and purchased by Crain in 1949 together with ten other barges for $57,500.

15. The normal life of a barge is twenty years.

16. New bottoms had never been placed on the barges, nor had major repairs been made except residing and patchwork.

17. There was no inspection of the barges prior to the incidents in question except usual observation.

18. On or about August 13, 1950, the master and pilot of Union Tow M/V Lehigh picked up Crain Barge 330 at Huntington, West Virginia.

19. C.B. 330 began to take water soon after the beginning of the voyage. Pumps had to be used and the barge sunk below Lock 7 in the Ohio River.

20. On or about August 16, 1950, the master and pilot of Union Tow M/V C.

W. Talbot picked up Crain's Barge C.B. 325 at Huntington, West Virginia.

21. C.B. 325 began to take water immediately after it was moved out of Island Creek Dock at Huntington, West Virginia, and sank below Lock 27 in the Ohio River.

22. The damages suffered by Wieman, by reason of loss of the coal cargo, was $3,609.90.

23. Both of said barges were salvaged and repaired.

24. The market value of C.B. 330 on August 17, 1950 was $10,000. The cost of repair was $8,138.11. Prior to repairs, the scrap market value was $2,700. The measure of damages for said barge must be difference in value before and after the sinking, or $7,300 since cost of repair was greater than difference in value.

25. Crain suffered additional financial loss of $3,969.81 for cost of salvage or removal from navigable waters, and loss of use of said barge in amount of $804.

26. The market value of C.B. 325 on August 18, 1950 was $10,000. The cost of repairs was $400, which is the damages suffered by Crain.

27. Crain suffered additional financial loss of $1,962.70 for cost of salvage, or removal from navigable waters, and loss of use of said barge in amount of $744.

### Conclusions of Law

1. This Court has jurisdiction over the parties and the cause of action in admiralty.

2. Union chartered Crain Barges C.B. 325 and C.B. 330, and same were not chartered by Wieman.

3. The sinking and damage to Crain Barges C.B. 325 and C.B. 330 occurred because the barges were unseaworthy.

4. The sinking and damage to Crain Barges C.B. 325 and C.B. 330 was caused by the negligent handling of these barges by Union.

5. A provision contained in the Union tariff book purporting to release Union from liability for its negligence, but which provision is not contained in any oral or written agreement between Wieman and Union or even contained in the Union bill-of-lading, is ineffective to release Union from liability for its negligence.

6. In connection with Admiralty Action No. 235, Wieman is entitled to recover value of the coal cargo from Union, and Union, in turn, is entitled to recover from Crain by way of contribution.

7. In connection with Admiralty Action No. 192, since no charter agreement was in effect between Crain and Wieman, Crain is not entitled to recover from Wieman for damage caused Barges C.B. 325 and C.B. 330.

8. Wieman, being free of liability, is not entitled to recover over from Union.

9. Crain, having furnished unseaworthy barges to Union, is not entitled to recover from Union.

An appropriate Order is entered.